UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MELVIN WILLIS,

Petitioner,

v.                6:00-cv-28

TOM GRIMIAC, Warden,

Respondent.

## ORDER

### I. INTRODUCTION

Before the Court is Melvin Willis's Motion for Reconsideration. ECF No. 34. Because it is untimely, the Court ***DENIES*** the Motion.

### II. BACKGROUND

On March 24, 2000, Willis filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On November 21, 2000, the Court denied Willis's petition. ECF No. 22 at 4. The Eleventh Circuit affirmed the Court's denial, *Willis v. Smith*, 273 F.3d 1120 (11th Cir. 2001) (unpublished table decision), and the Supreme Court denied Willis's petition for a writ of certiorari, *Willis v. Smith*, 537 U.S. 842 (2002).

On September 25, 2014, Willis filed the Motion now before the Court, in which he seeks relief from the November 21, 2000 judgment. ECF No. 34 at 1.

### III. ANALYSIS

Willis filed his Motion pursuant to Federal Rule of Civil Procedure 60(b)(6).[1]

Under Rule 60(b)(6), the Court may grant a party relief from a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The determination of Rule 60(b) Motions is committed "to the sound discretion of the district court." *Griffin v. Swim-Tech, Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).

In order to avail himself of such relief, a petitioner must file his Rule 60(b)(6) Motion "within a reasonable time . . . after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1). "A determination of what constitutes a reasonable time depends on the facts in an individual case, and in making the determination, courts should consider whether the movant had a good reason for the delay in filing and whether the non-movant would be prejudiced by the delay." *Ramsey v. Walker*, 304 F. App'x 827, 828 (11th Cir. 2008) (citing *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930 (5th Cir. 1976)).

Here, nearly fourteen years have passed since the entry of the judgment. Willis presents no argument that this delay should be excused, instead choosing to re-argue issues previously decided by the Court. Willis has presented no reason for the delay,

---

[1] Willis also refers to Federal Rule 59(b) in his opening paragraph, but he does not explain its relevance to his Motion. ECF No. 34 at 1. In any case, Rule 59 permits a Motion to Amend or Alter a Judgment only within 28 days of the entry of the judgment—a time period which has long since lapsed here. *See* Fed. R. Civ. P. 59(e).

and the Court can find none. Therefore, the Court finds his Motion to be untimely.

## IV. CONCLUSION

The Court *DENIES* Willis's Motion for Reconsideration.

This 30 day of September 2014.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA