IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MELVIN WILLIS,

 Petitioner,

v.

WARDEN GEORGE T. SMITH,

 Respondent.

CIVIL ACTION NO.: 6:00-cv-28

## <u>ORDER</u>

Presently before the Court is Petitioner Melvin Willis' ("Willis") Motion to Vacate and Set Aside Void Judgment Pursuant to Rule 60(b)(4) in this long-closed case. (Doc. 41.) Respondent filed a Response, and Willis filed a Reply. (Docs. 42, 44.) For the reasons which follow, the Court **DENIES** Willis' Motion.

## BACKGROUND

This Court dismissed Willis' 28 U.S.C. § 2254 as time barred on November 21, 2000. (Doc. 22.) Willis filed a Notice of Appeal, (doc. 24), and the Eleventh Circuit Court of Appeals affirmed this Court's ruling "in all respects[ ]" on October 25, 2001. (Doc. 31, p. 7.) On September 28, 2014, Willis filed a Motion for Reconsideration, (doc. 34), and the Court swiftly denied his Motion on September 30, 2014, after finding no reason to explain Willis' nearly fourteen-year delay between this Court's dismissal and the filing of his Motion for Reconsideration, (doc. 35). Willis appealed this denial. On March 25, 2015, the Eleventh Circuit denied Willis' motion for certificate of appealability and denied as moot his motion for

leave to proceed *in forma pauperis*. (Doc. 40.) Nearly two years after the Eleventh Circuit issued its ruling, Willis has filed the instant Motion to Vacate. (Doc. 41.)

## DISCUSSION

Willis asserts that the judgment of this Court dismissing his Section 2254 Petition is "based on a prior void order, which caused a substantial defect in the federal courts process that goes to the integrity, fundamental reliability and rudimentary fairness of the procedures by which the habeas application was adjudicated." (Doc. 41, p. 1) Willis contends the affirmance of the first direct appeal of his state sentence was null and void, as his armed robbery conviction could not carry with it a sentence of life imprisonment without the possibility of parole. (Id. at pp. 3, 6.) Thus, Willis maintains, this Court's judgment dismissing his Section 2254 Petition was based on a void state court judgment. In support of his assertions, Willis contends the State did not file a notice of its intent to seek the death penalty and, without a finding of an aggravated circumstance, his sentence is illegal, contrary to law, and null and void. (Id. at p. 10.) Willis also contends Georgia law does not provide fair notice of a sentencing guideline regarding what constitutes an aggravating factor, and he should have been given a twenty-year sentence rather than a sentence of life imprisonment. (Id. at pp. 11–12.)

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding [because] . . . the judgment is void." Fed. R. Civ. P. 60(b)(4). "Generally, a judgment is void under [Rule] 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Harris v. Corr. Corp. of Amer., 332 F. App'x 593, 594 (11th Cir. 2009) (alteration in original) (citation omitted); see also United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010). A movant who raises a claim pursuant to 28 U.S.C.

2

§ 2244(b), i.e., "an asserted federal basis for relief from a state court's judgment of conviction[,]" cannot proceed with a Rule 60(b) motion as a way to avoid the restrictions applicable to second or successive habeas petitions. Franqui v. Florida, 638 F.3d 1368, 1371 (11th Cir. 2011). "[A] Rule 60(b) motion can be appropriate where a petitioner does not assert, or reassert, claims of error in [his] state conviction. For example, a 60(b) motion can properly be used just to assert [ ] that a previous ruling which precluded a merits determination was in error, or just to attack some defect in the integrity of the federal habeas proceedings[.]" Id. (internal citations omitted) (alterations in original). Moreover, motions filed pursuant to Rule 60(b)(4) "must be made within a reasonable time." BUC Int'l Corp. v. Int'l Yacht Council Ltd., 517 F.3d 1271, 1275 (11th Cir. 2008) (quoting Fed. R. Civ. P. 60(c)(1)); but see Hertz v. Alama Rent-a-Car, Inc., 16 F.3d 1126, 1130 (11th Cir. 1994) (implying that virtually any amount of time is a reasonable time for making a Rule 60(b)(4) claim).

Assuming without deciding that Willis' claimed error in this federal habeas corpus proceeding is cognizable under Rule 60(b), Willis is not entitled to any relief. Willis does not claim that he was unaware of the Court's determination that his Section 2254 Petition was untimely. He clearly knew the Court dismissed his case long ago, as he timely appealed that Order. However, Willis did not file this Rule 60(b)(4) Motion until January 3, 2017, which was more than sixteen (16) years after this Court entered judgment closing this case. Willis does not cite any new evidence or change of law in his Motion. Willis' Rule 60(b)(4) Motion was not filed within a reasonable time of the final judgment he seeks to attack, pursuant to Rule 60(c)(1). In addition, there is nothing indicating that this Court lacked jurisdiction over his Petition or the parties or that this Court acted in contravention of due process principles. In fact, the Eleventh Circuit upheld this Court's determination that Willis' Petition was untimely filed.

To the extent Willis contends this Court's determination is flawed because it relies on a "void" State court judgment, Willis' contention fails. This Court determined Willis' Section 2254 Petition was time barred because he filed his Petition nearly six months after the applicable statute of limitations had expired, and he was not entitled to equitable tolling. (Doc. 18, pp. 5–6; Doc. 22.) Even if a State court decision were void, this Court did not rely on this decision in any way. Rather, this Court's determination relied solely on the applicable statute of limitations period. Thus, Willis is not entitled to his requested relief.

## CONCLUSION

For the above-state reasons, the Court **DENIES** Plaintiff's Rule 60(b)(4) Motion. The Court's November 21, 2000, Order remains the Order of the Court, and this case remains **CLOSED**.

**SO ORDERED**, this 7th day of March, 2017.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA